**The PEOPLE of the State of Colorado, Complainant,**

v.

**William Hedges ROBINSON, III, Attorney–Respondent.**

**No. 93SA140.**

Supreme Court of Colorado, En Banc.

June 7, 1993.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

William Hedges Robinson, III, pro se.

PER CURIAM.

An inquiry panel of the Supreme Court Grievance Committee approved a stipulation, agreement, and conditional admission of misconduct entered into between the respondent and the assistant disciplinary counsel. The relevant portions of the stipulation are set out in the Appendix to this opinion. The parties recommended in the stipulation that the respondent be suspended from the practice of law for one year and one day. After reviewing the stipulation and the respondent's prior disciplinary record, we find it appropriate to accept the stipulation.

Accordingly, it is hereby ordered that William Hedges Robinson, III, be suspended from the practice of law for one year and one day, effective immediately upon the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent must comply with C.R.C.P. 241.22(b)–(d) before he may be reinstated. It is also ordered that the respondent pay the costs of this proceeding in the amount of $51.98 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

APPENDIX

Supreme Court, State of Colorado

Case No. 92A–19

Before the Grievance Committee Thereof

Stipulation, Agreement, and Conditional Admission of Misconduct

The People of the State of Colorado,

Complainant,

vs.

William Hedges Robinson, III,

Respondent.

NOW on this 1st day of March, 1993, John S. Gleason, Assistant Disciplinary Counsel and attorney for complainant, and William Hedges Robinson, III, respondent,

enter into the following Stipulation, Agreement, and Conditional Admission of Misconduct and submit the same to Inquiry Panel B and the Colorado Supreme Court for their consideration.

1. Respondent has taken and subscribed the Oath of Admission, was admitted to the Bar of this Court on April 14, 1964, and is registered as an attorney upon the official records of this Court, Registration No. 3378. He is accordingly subject to the jurisdiction of this Court and its Grievance Committee in these proceedings.

. . . .

6. With respect to the allegations contained in the Complaint, respondent and complainant stipulate to the following facts and conclusions.

### COUNT I

a. Respondent represented Estella Chambers, complaining witness herein, in two personal injury matters as well as other matters. Due to Ms. Chambers' age, respondent also conducted her financial affairs and invested the settlement funds.

b. On February 18, 1986, respondent borrowed $2,000.00 as a personal loan from Ms. Chambers. Respondent failed to disclose to Ms. Chambers the differing interests involved in the personal loan and did not collateralize the loan. Respondent executed a promissory note for the $2,000.00 loan.

c. Respondent satisfied the $2,000.00 loan through performance of legal work authorized by Ms. Chambers. The loan was charged off over a period of fifteen months. Although respondent paid no actual interest during the term of the indebtedness, he did credit Ms. Chambers an amount equivalent to the statutory interest rate.

d. The foregoing conduct of the respondent violates Rule 241.6 of the Colorado Supreme Court Rules concerning discipline of attorneys and the Code of Professional Responsibility, DR 1-102(A)(1), and DR 5-104(A).

### COUNT II

e. In February 1986, complainant sold a mobile home for approximately $7,000.00. Complainant gave the $7,000.00 to respondent to invest and pay her various bills. Respondent disbursed the funds as authorized by complainant. This included the $2,000.00 loan alleged in Count I. Respondent also agreed to invest $2,000.00 of the funds for complainant.

f. Respondent's records show a $2,000.00 deposit in a World Savings trust account for complainant's benefit on February 16, 1986. The $2,000.00, however, was not deposited at World Savings, or anywhere else, on behalf of complainant. Respondent's then-spouse and bookkeeper deposited the $2,000.00 into a trust account for her son (respondent's stepson) without the knowledge or consent of respondent or Ms. Chambers. Respondent and his then-spouse divorced, and the funds were withdrawn by someone other than respondent. The missing funds were identified first by the Office of Disciplinary Counsel.

g. Respondent did not intentionally convert the $2,000.00 to his own use or to the use of his stepson. Respondent, however, failed to insure that the deposit was correctly made. Respondent made complete restitution plus statutory interest dating from February 16, 1986.

h. The foregoing conduct of respondent violates Rule 241.6 of the Colorado Supreme Court rules concerning discipline of attorneys and the Code of Professional Responsibility DR 1-102(A)(1) and DR 9-102(B)(3).

### COUNT III

i. On July 12, 1988, respondent borrowed $1,900.00 as a personal loan from complainant. Respondent failed to disclose to complainant the differing interests involved in the personal loan and did not collateralize the loan. Respondent executed a promissory note for the $1,900.00.

j. Respondent satisfied the $1,900.00 loan through performance of legal work

authorized by Ms. Chambers. The loan was charged off over a period of eight months. Although respondent paid no actual interest during the term of the indebtedness, he did credit Ms. Chambers an amount equivalent to the statutory interest rate.

k. The foregoing conduct of respondent violates Rule 241.6 of the Colorado Supreme Court Rules concerning discipline of attorneys and the Code of Professional Responsibility DR 1–102(A)(1) and DR 5–104(A).

7. Pursuant to Rule 241.25 of the Colorado Supreme Court, respondent agrees to pay the costs incurred in conjunction with GC 92A–19 within thirty (30) days after the acceptance by the Colorado Supreme Court of the Conditional Admission of Misconduct.

8. This Stipulation, Agreement, and Conditional Admission of Misconduct is premised and conditioned that it will be accepted by Inquiry Panel B and the Colorado Supreme Court. If for any reason the Stipulation and Agreement is not accepted without changes or modification, then the admissions, confessions, and stipulations made by respondent will be of no effect. Respondent will have the opportunity to accept or reject any modification. If respondent rejects the modification, then he shall be entitled to a full evidentiary hearing; and no confession, stipulation, or other statement made by respondent in conjunction with this offer to accept a one year and one day suspension may be used against him. If the Stipulation, Agreement, and Conditional Admission of Misconduct is rejected, then the matter will be heard and considered by the present Hearing Board, Panel A, and the Colorado Supreme Court.

### PRIOR DISCIPLINE

Respondent received a private censure on August 17, 1978; a letter of admonition on October 24, 1987; and, a private censure on July 13, 1989. On March 1, 1989, respondent transferred to disability/inactive status and continues on disability inactive status.

....

### RECOMMENDATION FOR AND CONSENT TO DISCIPLINE

Based on the foregoing, the parties hereto recommend that a one year and one day suspension be imposed upon Respondent. Respondent requests Inquiry Panel B to submit his request to the Colorado Supreme Court for its consideration and consents to the imposition of a one year and one day suspension in this case.

William Hedges Robinson, III, respondent and complainant's attorney, John S. Gleason, acknowledge by signing this document that they have read and reviewed the above and request the Inquiry Panel to recommend acceptance of the Conditional Admission as set forth above.